IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 08-10223-01-JWB

JOSE SANDOVAL-VALADEZ,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to execute sentence. (Doc. 104.) The government opposes the motion.[1] (Doc. 107.) Defendant's motion is DISMISSED FOR LACK OF JURISDICTION IN PART and TAKEN UNDER ADVISEMENT IN PART for the reasons stated herein.

**I.    Background and Procedural History**

On March 23, 2009, Defendant pleaded guilty to two counts of an information charging violations of 18 U.S.C. § 1028A. (Doc. 49.) In the plea agreement, the government agreed to recommend a sentence of 48 months. (*Id.* at 3.) In June 2009, Defendant failed to appear for his sentencing. Defendant was later arrested in Arizona on state drug charges concerning conduct that occurred in 2012. (Doc. 85 at 9.) On September 30, 2015, in Arizona, Defendant was sentenced to approximately 12 years for possession of heroin for sale and conspiracy to possess methamphetamine for sale. (*Id.*) On October 18, 2018, this court sentenced Defendant to 24 months on each count of conviction to run consecutively for a total sentence of 48 months. (Doc. 88.) At the hearing, an interpreter was present to interpret the proceedings for Defendant, who

---

[1] Defendant has not filed a reply brief and the time for doing so has now passed.

1

speaks Spanish. (Doc. 87.) The contested issue at sentencing was whether the Arizona state sentence would run consecutive or concurrent to the sentence imposed in this case. (Doc. 98.) After hearing arguments from the parties, the court held that the sentence in this case was to be served consecutively to any undischarged term of imprisonment imposed by the state of Arizona. (*Id.* at 20; Doc. 88 at 2.) On October 29, 2018, Defendant filed a notice of appeal. The Tenth Circuit Court of Appeals granted the government's motion to enforce the appeal waiver and dismissed the appeal. (Doc. 103.)

On January 18, 2022, Defendant filed a motion to execute sentence. (Doc. 104.) In his motion, Defendant states that he recently learned by an Arizona prison official that his federal sentence was to run consecutive to his state sentence. Defendant asserts that this court decreed that his federal sentence would commence at the time he was sentenced and, as a result, he believed that his federal sentence would run concurrent with his state sentence. Defendant also argues that his defense counsel inadequately explained the terms of his plea agreement, he did not understand the plea agreement, and he has a limited knowledge of English along with a limited education. Defendant seeks an evidentiary hearing at which his prior defense counsel would be called as a witness regarding the advice rendered during his representation. Liberally construing the motion, Defendant requests that the court order his sentence to run concurrent to his state court sentence. In response, the government contends that Defendant has not identified a basis for this court's jurisdiction over Defendant's motion and that it should be dismissed. (Doc. 107.)

**II.     Analysis**

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "After entry of

final judgment, a district court has jurisdiction only to the extent permitted by statute or rule." *Id.* The federal criminal offense jurisdiction statute, 18 U.S.C. § 3231, "by itself doesn't give the district court jurisdiction over all post-conviction motions[.]" *Id.* (citations and quotation marks omitted).

Defendant has not identified a basis for jurisdiction with respect to the relief sought in his motion. Rather, Defendant urges the court to grant his motion pursuant to 10th Cir. R. 27.3. (Doc. 104 at 5.) The rule cited by Defendant pertains to summary dispositions of motions filed in the Tenth Circuit Court of Appeals. It does not provide this court with jurisdiction over Defendant's motion.

**A.    Sentence Modification or Reduction**

Liberally construing Defendant's motion, he is asking the court to modify or reduce his sentence by ordering it to run concurrent with his state sentence. "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Defendant fails to cite a statutory basis in support of his motion for a sentence modification or reduction. Therefore, to the extent Defendant seeks a sentence modification or reduction, Defendant's motion is dismissed for lack of jurisdiction.

**B.    28 U.S.C. § 2241**

Defendant's motion could also be construed as a challenge to the execution of his federal sentence pursuant to 28 U.S.C. § 2241. However, a petition under § 2241 must be filed in the district where the prisoner is confined. *United States v. Dotson*, 430 F. App'x 679, 684 (10th Cir. 2011). Therefore, the court lacks jurisdiction to consider the motion under § 2241 as Defendant is confined in Arizona. *Id.* Moreover, the court declines to transfer the motion to the District of Arizona because Defendant has not demonstrated that he exhausted his administrative remedies

3

with the Bureau of Prisons prior to filing his motion. *Id*. Further, the motion states no viable § 2241 claim because there is no error in the execution of his federal sentence as the court ordered his federal sentence to run consecutive to his state sentence. *See United States v. Ellsworth,* 296 F. App'x 612, 615 (10th Cir. 2008).

**C.     28 U.S.C. § 2255**

Defendant also appears to argue that his plea was involuntary in that his attorney did not properly communicate with him regarding the plea agreement, he did not understand the proceedings but that his attorney instructed him to inform the court that he did understand, and he never received the plea agreement in Spanish. Based on these arguments, Defendant must proceed under 28 U.S.C. § 2255. *See United States v. Ellsworth*, 296 F. App'x 612, 615 (10th Cir. 2008) ("A challenge to the propriety of the federal conviction or sentence itself—such as whether [defendant] was misled when he pleaded guilty or whether the sentence violated his plea bargain— must proceed under § 2255[.]") (citation omitted).

Defendant, however, has not yet filed a motion under § 2255. If a pro se federal prisoner has not previously filed a § 2255 petition, the court should not recharacterize Defendant's filing as a § 2255 petition unless the court "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003); *see also United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000) (district court should not sua sponte recharacterize document as initial § 2255 motion because a "subsequent § 2255 motion would be considered successive" and barred except "in very limited circumstances").

4

Based on the arguments presented in the motion, the court intends to construe Defendant's motion as a § 2255 petition. If the court construes the motion as a § 2255 motion, any subsequent § 2255 motions will be subject to restrictions on second or successive motions. In particular, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). A second or successive motion under § 2255 may be filed in the district court only after the court of appeals certifies that the motion is based on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

On or before May 2, 2022, Defendant shall file a memorandum that states whether he (1) agrees to have his Motion to Execute Sentence and for Evidentiary Hearing (Doc. 104) construed as a motion under 28 U.S.C. § 2255 or (2) chooses to withdraw it. If Defendant does not file a response by May 2, 2022, the court will consider his motion to execute sentence (to the extent that it was not previously dismissed) as having been withdrawn and summarily dismiss it for lack of jurisdiction. If Defendant elects to have his motion construed as a § 2255 motion and desires to raise any other claims in his initial motion without the potential bar that applies to second or successive motions, he must file an amended § 2255 motion by May 9, 2022.

C.     **Potential Procedural Bars**

If Defendant elects to have the court construe his motion as a § 2255 motion, the court directs the parties to file briefs which are limited to the issue of potential procedural bars to his

5

motion or amended motion if he chooses to file one.  Particularly, it appears that Defendant's claim may be barred because it is untimely.  "A habeas petitioner must file a § 2255 motion within one year of the date on which his conviction becomes final." *United States v. Barger*, 784 F. App'x 605, 607 (10th Cir. 2019) (citing 28 U.S.C. § 2255(f)(1)).  Here, Defendant filed a direct appeal, which was later dismissed by the Tenth Circuit, but did not petition the Supreme Court for certiorari.  Therefore, his conviction became final "when the time for filing a certiorari petition expire[d]." *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006).  On April 23, 2019, the Tenth Circuit issued its judgment and order dismissing the appeal.  Accordingly, Defendant's deadline to file a petition for certiorari was July 22, 2019.  Therefore, Defendant had until July 22, 2020, to file a motion to vacate under § 2255.  28 U.S.C. § 2255(f)(1).  Defendant filed this motion on January 18, 2022, which is more than one year after the deadline.  Therefore, it is untimely unless statutory or equitable tolling apply.  *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("district courts are permitted ... to consider, sua sponte, the timeliness of a ... habeas petition.")  Based on the arguments presented, it does not appear that the deadline would be tolled.

If Defendant elects to have the court construe his motion as a § 2255 motion, on or before May 16, 2022, the government shall file a brief limited to the issue of potential procedural bars.  On or before May 30, 2022, Defendant may file a reply brief.

**II.     Conclusion**

Defendant's motion to execute sentence (Doc. 104) is DISMISSED WITHOUT JURISDICTION IN PART and TAKEN UNDER ADVISEMENT IN PART.

To the extent that Defendant seeks a sentence modification or reduction, Defendant's motion is dismissed for lack of jurisdiction.  To the extent Defendant challenges the propriety of

his conviction, the court notifies Defendant that it intends to recharacterize his motion as an initial § 2255 petition.

On or before May 2, 2022, Defendant shall file a memorandum that states whether he (1) agrees to have his Motion to Execute Sentence and for Evidentiary Hearing (Doc. 104) construed as a motion under 28 U.S.C. § 2255 or (2) chooses to withdraw it.  If Defendant does not file a response by May 2, 2022, the court will consider his motion to execute sentence (to the extent that it was not previously dismissed) as having been withdrawn and summarily dismiss it for lack of jurisdiction.  If Defendant elects to have the court construe his motion as a § 2255 motion and desires to raise any other claims in his initial motion without the potential bar that applies to second or successive motions, he must file an amended § 2255 motion by May 9, 2022.

If Defendant elects to have the court construe his motion as a § 2255 motion, on or before May 16, 2022, the government shall file a brief limited to the issue of potential procedural bars. On or before May 30, 2022, Defendant may file a reply brief.

IT IS SO ORDERED.  Dated this 18th day of April, 2022.

    __ s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE