IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 08-10223-01-JWB

JOSE SANDOVAL-VALADEZ,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motions for order to treat Defendant's motion to execute sentence (Doc. 104) as a § 2255 motion and to file a delayed § 2255 motion. (Docs. 110, 111.) The government opposes the motions.[1] (Doc. 112.) Defendant's motions are DENIED for the reasons stated herein.

**I.    Background and Procedural History**

On March 23, 2009, Defendant pleaded guilty to two counts of an information charging violations of 18 U.S.C. § 1028A. (Doc. 49.) In the plea agreement, the government agreed to recommend a sentence of 48 months. (*Id.* at 3.) In June 2009, Defendant failed to appear for his sentencing. Defendant was later arrested in Arizona on state drug charges concerning conduct that occurred in 2012. (Doc. 85 at 9.) On September 30, 2015, in Arizona, Defendant was sentenced to approximately 12 years for possession of heroin for sale and conspiracy to possess methamphetamine for sale. (*Id.*) On October 18, 2018, this court sentenced Defendant to 24 months on each count of conviction to run consecutively for a total sentence of 48 months. (Doc. 88.) At the hearing, an interpreter was present to interpret the proceedings for Defendant, who

---

[1] Defendant has not filed a reply brief and the time for doing so has now passed.

speaks Spanish. (Doc. 87.) The contested issue at sentencing was whether the Arizona state sentence would run consecutive or concurrent to the sentence imposed in this case. (Doc. 98.) After hearing arguments from the parties, the court held that the sentence in this case was to be served consecutively to any undischarged term of imprisonment imposed by the state of Arizona. (*Id.* at 20; Doc. 88 at 2.) On October 29, 2018, Defendant filed a notice of appeal. The Tenth Circuit Court of Appeals granted the government's motion to enforce the appeal waiver and dismissed the appeal. (Doc. 103.)

On January 18, 2022, Defendant filed a motion to execute sentence. (Doc. 104.) In his motion, Defendant stated that he had recently learned from an Arizona prison official that his federal sentence was to run consecutive to his state sentence. Defendant asserted that this court decreed that his federal sentence would commence at the time he was sentenced and, as a result, he believed that his federal sentence would run concurrent with his state sentence. Defendant also argued that his defense counsel inadequately explained the terms of his plea agreement, he did not understand the plea agreement, and he has a limited knowledge of English along with a limited education.

In ruling on the motion, the court held that Defendant had not identified a basis for this court to modify his previously imposed sentence. The court further held that Defendant's motion was a challenge to propriety of the sentence such that Defendant must proceed under 28 U.S.C. § 2255. *See United States v. Ellsworth*, 296 F. App'x 612, 615 (10th Cir. 2008). Defendant, however, had not invoked § 2255 in his motion and had yet to file a motion under § 2255. As required under Tenth Circuit authority, the court notified Defendant that it intended to recharacterize his motion as one under § 2255 and provided him with an opportunity to withdraw or amend his filing. (Doc. 108.) Defendant had until May 2, 2022, to notify the court if he wanted

his motion to be treated as one under § 2255.  Defendant did not respond to the court's order.  As a result, the court dismissed his motion for lack of jurisdiction.  (Doc. 109.)

On June 27, Defendant filed a motion asking the court to recharacterize his prior filing as a § 2255 motion and also moved to file a delayed § 2255 motion.  (Docs. 110, 111.)  The government objects to the motions on the basis that they are untimely.  (Doc. 112.)

**II.   Analysis**

In his motion, Defendant states that he does not want to file an amended motion under § 2255 but merely wants the court to recharacterize his previously filed motion at docket entry 104 as a motion under § 2255.  Defendant also asks the court for permission to file a delayed § 2255 motion. (Doc. 111.)  In this motion, Defendant essentially explains why he did not meet the court's prior May 2 deadline and asks the court to consider his filing timely under that deadline.  The government objects on the basis that Defendant is procedurally barred from filing a § 2255 motion at this time because he did not file his motion within one year of his conviction being final and there is no basis for equitable tolling.  (Doc. 112.)

"A habeas petitioner must file a § 2255 motion within one year of the date on which his conviction becomes final." *United States v. Barger*, 784 F. App'x 605, 607 (10th Cir. 2019) (citing 28 U.S.C. § 2255(f)(1)).  Here, Defendant filed a direct appeal, which was later dismissed by the Tenth Circuit, but did not petition the Supreme Court for certiorari.  Therefore, his conviction became final "when the time for filing a certiorari petition expire[d]." *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006).  On April 23, 2019, the Tenth Circuit issued its judgment and order dismissing the appeal.  Accordingly, Defendant's deadline to file a petition for certiorari was July 22, 2019.  Therefore, Defendant had until July 22, 2020, to file a motion to vacate under §

3

2255. 28 U.S.C. § 2255(f)(1). Defendant filed this motion on January 18, 2022,[2] which is more than one year after the deadline. Therefore, it is untimely unless statutory or equitable tolling apply.

The limitations period may only be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). A movant must show both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To show that he acted diligently in pursuing his rights, the movant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). The movant bears the burden to show that equitable tolling is appropriate. *See Miller*, 141 F.3d at 977.

In its prior order, the court notified Defendant that his petition was more than likely untimely under the statute and it did not appear that there was a basis for tolling. In his motion, Defendant argues that the deadline should be tolled because he speaks limited English and is a lay person with limited understanding of the laws of this country. (Doc. 110 at 4–5.) Defendant further argues that he was diligent in bringing his motion immediately after learning of the violation of his rights in late 2021. (*Id.* at 5–6.)

The Tenth Circuit has repeatedly rejected the grounds that Defendant asserts as a basis for tolling here. *See United States v. Galindo*, 406 F. App'x 322, 324 (10th Cir. 2011) ("We have previously held that lack of knowledge regarding the law, including ignorance resulting from

---

[2] Defendant contends that he placed his motion (Doc. 104) in the mail on December 29, 2021. (Doc. 110 at 2.) This is supported by the signature in his motion. (Doc. 104 at 6.) Regardless of whether the court uses January 18, 2022, or December 29, 2021, Defendant's motion was still filed more than one year after his conviction became final.

language barriers, does not toll the statute of limitations.") (citing *Gibson*, 232 F.3d at 808); *Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008); *see also United States v. Alvarado-Carrillo*, 43 F. App'x 190, 192 (10th Cir. 2002) (finding that the movant's status as a non-English speaking Mexican citizen and lack of understanding of the law was insufficient to support equitable tolling); *Miller*, 141 F.3d at 978 (holding that equitable tolling will not apply where a petitioner "simply did not know about the [relevant law] until it was too late.").

Because Defendant has not shown that equitable tolling is appropriate here, his motions to seek relief under § 2255 are untimely.[3]

## II.     Conclusion

Defendant's motions for order to treat his motion to execute sentence (Doc. 104) as a § 2255 motion and to file a delayed § 2255 motion (Docs. 110, 111) are DENIED.

IT IS SO ORDERED.  Dated this 29th day of September, 2022.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[3] Moreover, the court would deny any requested relief on the merits as the record conclusively shows that Defendant was provided an interpreter during the sentencing hearing at which time the sentencing judge informed Defendant that his federal sentence would run consecutive to his Arizona state sentence.